## G. L. GLOVER et al *v.* Maxine RUSSELL et al

76-312

542 S.W. 2d 751

Opinion delivered November 8, 1976
(In Banc)

*Lee A. Munson,* Pros. Atty., 6th Judicial Circuit, by: *William H. Trice III,* for appellants.

*John T. Harmon,* for appellees and cross-appellants.

CONLEY BYRD, Justice. This election litigation arises as a result of a local option petition filed with the Pulaski County Clerk on September 8, 1976, for a wet or dry election in Precinct 180A at the general election to be held on November 2, 1976. The Special Chancellor invalidated the petitions because they were not filed more than 60 days before the election. Appellants G. L. Glover, Sharon Cissell and Dr. Joel Anderson, as members of the Board of Election Commissioners of Pulaski County and Charles F. Jackson as Clerk of Pulaski County appeal contending that there is no mandatory filing deadline for local option petitions filed pursuant to Ark. Stat. Ann. § 48-801. Appellees Maxine Russell,

Russell's Liquor, Inc., M. C. Garrison and N. G. Mitchell cross-appeal contending that the Special Chancellor erred in holding that Precinct 180A was a valid, legal and established precinct of Pulaski County.

Both the appellants and appellees recognize that a local option election is not an initiative petition under the initiative and referendum provisions of Amendment No. 7 to the Arkansas Constitution. Yet both the appellants and appellees rely upon dictum from our decision in *Armstrong* v. *Sturch,* 235 Ark. 571, 361 S.W. 2d 77 (1962), to support their respective positions on the direct appeal issue. The sole issue involved in *Armstrong* v. *Sturch, supra,* was whether local option petitions filed on July 23, 1962, prior to the general election on November 6, 1962, had been filed too early. In construing Acts 1955, No. 15, we held that the petitions had been filed within the time prescribed by law. Here, however, the issue on the direct appeal is whether the petitions filed on September 8, 1976, were filed too late for the general election to be held 55 days later on November 2, 1976.

To understand how this problem arises, we must first consider Init. Meas. 1942, No. 1, § 1, Acts 1943 [Ark. Stat. Ann. § 48-801 (Repl. 1964)], which permitted 15% of the qualified voters to petition the county court for a wet or dry election. That act required the county court to hold a public hearing within 10 days to determine the sufficiency of the petitions. That provision directed the county court to order a special election not earlier than 20 days nor later than 30 days following the public hearing. Provision was also made for the time of taking an appeal from the county court to the circuit court, Ark. Stat. Ann. § 48-804.

After some experience with the provision for special local option elections, the General Assembly by a two-thirds vote adopted Acts 1955, No. 15 [Ark. Stat. Ann. §§ 48-824 and 48-825 (Repl. 1964)]. Section 1, thereof, required local option elections to be held only on the regular biennial November general election days. Section 2 of the Acts 1955, No. 15 [Ark. Stat. Ann. § 48-825] provides:

"Every petition for a local option election shall be prepared in accordance with Initiated Act No. 1 of 1942,

*and it shall be filed,* and the subsequent proceedings thereupon shall be had and conducted, *in the manner provided for county initiative measures by Initiative and Referendum Amendment No. 7 to the Constitution of Arkansas and enabling acts pertaining thereto.*" [Emphasis ours].

The time table for the filing and processing of petitions on county initiative measures is controlled by Amendment No. 7, to the Constitution of Arkansas and the enabling legislation pertaining thereto, Acts 1935, No. 4 [Ark. Stat. Ann. §§ 2-301 — 2-314 (Repl. 1976)]. Amendment No. 7 provides that " . . . In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty days . . . before the election at which it is to be voted upon." After the filing of the petitions Ark. Stat. Ann. § 2-303 gives the county clerk 10 days to certify the sufficiency or insufficiency of the petitions. If the clerk certifies the petitions insufficient, the petitioners pursuant to Ark. Stat. Ann. § 2-309 are given 10 days to obtain additional signatures or to submit proof to the clerk on rejected signatures and the clerk thereafter has another 5 days to certify as to the sufficiency or insufficiency of the petitions. Ark. Stat. Ann. § 2-310 thereafter gives to any taxpayer 15 days to petition the chancery court for review of the clerk's certification. Ark. Stat. Ann. § 2-311 then requires the chancery court to hold a hearing within 10 days. When viewed from the perspective of handling the requirements for certifying and contesting of petitions filed pursuant to the Enabling Act for initiative measures, one can readily understand that the process is expected to take as much as 50 days.

If we should accept the appellants' position that Ark. Stat. Ann. § 48-825 does not fix a deadline for local options, then of course there is no reason why petitions filed only 30 days before the election would not also be filed within the time allowed by law, yet there would not be sufficient time for the county clerk after making his certification to give his notice of publication for two consecutive weeks as required by Ark. Stat. Ann. § 2-307, not to say anything about the rights of aggrieved taxpayers to review the clerk's findings. Of course, if the clerk should certify the petitions insufficient, then under the appellants' contention the chancery court would not be required to act until the election would be over.

We do not believe the General Assembly intended any such absurd procedural results. Rather we interpret Ark. Stat. Ann. § 48-825, *supra,* in its grammatical sense as providing that every petition for a local option election " . . . shall be filed . . . in the manner provided for county initiative measures . . . " — *i.e.* at least 60 days before the general election. It follows that the Special Chancellor properly invalidated the petitions here filed 55 days before the general election.

With reference to the validity of the establishment of Precinct 180A we must consult Acts 1969, No. 465, Art. 6, § 1 [Ark. Stat. Ann. § 3-601 (Repl. 1976)], which after empowering the County Election Commissioners to alter and establish election precincts, provides:

"The action of said commissioners . . . in altering the boundaries of any precinct, or in establishing any new one, shall be entered in the record to be kept by them, and a copy of said order shall set out intelligently and accurately the boundaries of said precincts as so altered or established, shall be filed with the Clerk of the County Court who shall record the same at full length on the record book on which the minutes of the proceedings of the County Court are recorded. . . . "

The only record for the establishment of Precinct 180A is shown by the minutes of the meeting of the Pulaski County Election Commission under date of October 8, 1974. Those minutes which were not filed for record with the county court until just immediately before the trial of this case provide:

"Commission Attorney Tom Tanner read the court order from Judge Warren Wood ordering the placing of both the Sherwood Annexation and North Little Rock Annexation proposals on the November 5, 1974 General Election Ballot and ordering County Clerk Charles Jackson to notify the affected voters. There were to be no precinct boundary changes, but to set up provisions to allow the proper voters to vote on the questions. A copy of the court order attached.

Chairman Mears made the motion to set up the precincts in question; draw a hypothetical and

geographical line to accommodate the Sherwood Annexation Proposal. One part of the line will remain its presently designated number, the other part will have the designation 'A' added. Those voters in Precincts 180A, 204A, 205A and 215A are to be notified by the County Clerk that the designation is for the November 5, 1974 Election *only*; Those areas designated 'A' are the parts of Hill Township proposal to be annexed to Sherwood."

The circuit court order signed by Judge Warren Wood and attached to the minutes of the County Election Commission does not contain a description.

Obviously the foregoing minutes of the Board of Election Commissioners do not intelligently and accurately set out the boundaries of Precinct 180A in the manner required by Ark. Stat. Ann. § 3-601 (Repl. 1976). Furthermore, the Precinct 180A by the minutes of the Board of Election Commissioners existed *only* for the 1974 election. Consequently, it follows that the Special Chancellor erred in holding that Precinct 180A was a valid, legal and established precinct of Pulaski County.

Affirmed on direct-appeal and reversed on cross-appeal.