Buck WURST *v.* Ollie Fred LOWERY et al.

85-67                                                          695 S.W.2d 378

Supreme Court of Arkansas
Opinion delivered September 9, 1985

*Robert E. Irvin*, for appellant.

*James R. Pate*, for appellees.

GEORGE ROSE SMITH, Justice. This belated challenge to a wet-dry election held on November 4, 1980, is rejected on two grounds: (1) It is too late; (2) it has no merit. Our jurisdiction is under Rule 29 (1) (g).

Local option petitions asking for an election in three townships in Logan County were certified to the county board of election commissioners in 1979. In October, 1980, two plaintiffs filed this action to enjoin the holding of the election, asserting technical defects in the petitions and a failure to publish notice of the election.

Five days before the scheduled general election the circuit court held that the complaint had merit, that it was then too late to keep the wet-dry issue off the ballot, and that the election officials should be enjoined from counting the votes on the wet-dry issue. On the same day an appeal was taken to this court, and we entered the following order:

> Petition for Stay of Order of the Circuit Court of Logan County is granted. The election will proceed and the ballots will be counted but questions raised on appeal from that order shall not be rendered moot by the election.

The election was held. Two townships voted dry and the other wet. All the original parties were apparently satisfied. In January following the election the original appellants obtained an order in this court dismissing the appeal and remanding the case to the circuit court.

The litigation seemed to be at an end, but in April, 1984, the appellant Wurst, who wants to start a winery in a township that voted dry, sought to intervene in order to argue that the trial court's order of October 30, 1980, finding that the complaint had merit, had become a final adjudication, because no appeal had been completed. The trial judge refused to allow the intervention.

■■ The attempt to intervene is far too late. Wurst could have intervened the day after the election had he been diligent. It is in the public interest that election results become final without delay. We hold that, by analogy, Wurst's time for intervening in the case expired with the lapse of the time allowed for filing a contest of a local option election, which is ten days after the certification of the vote. Ark. Stat. Ann. § 48-820 (Repl. 1977).

■ Secondly, even the original parties could not now prevail on the merits. Our stay order superseded the trial court's action and allowed the election to proceed. None of the technical defects asserted in the original complaint would have rendered the election void. And the failure to publish notice of an election is immaterial if the election is actually held and the electors have not been deprived of the opportunity to express themselves. "[T]he voice of the people is not to be rejected for a defect or want of notice, if they have in truth been called upon and have spoken." *Wheat* v. *Smith*, 50 Ark. 266, 7 S.W. 161 (1887). There is no

indication that the voters in the three townships did not express themselves on the wet-dry issue in the 1980 general election.

Affirmed.

PURTLE, J., not participating.