Robert Allen HENARD *v.* ST. FRANCIS ELECTION
COMMITTEE, et al.

89-289                                          784 S.W.2d 598

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Lonnie Paul Gehring,* for appellants.

*Butler, Hicky & Long,* by: *Fletcher Long, Jr.,* for appellees.

OTIS H. TURNER, Justice. This is an appeal from a decision of the circuit court of St. Francis County dismissing appellants' challenge of a local option election in the town of Wheatley. Appellants raise five points for reversal, none of which we deem to have merit.

The local option alcohol issue was raised by a petition; a local minister, the Reverend Eugene Hoggatt, was instrumental in securing the necessary signatures. The matter was placed on the November 8, 1988, general election ballot in the town of Wheatley. The "drys" prevailed by a vote of 118 to 55.

Appellants first argue that the petition placing the issue on the ballot was not properly filed with the county clerk within a period "not less than sixty days prior to the election" as required by Ark. Code Ann. § 14-14-915(b) (1987), pursuant to Amend-

ment 7 of the Arkansas Constitution.

■ Though the clerk's filing mark did not appear on the petition, the clerk's testimony indicated that his office received the petition not less than 60 days prior to the election. The circuit court, as trier of the facts, made a determination that the filing was timely, and we will not disturb its finding on appeal. ARCP Rule 52(a).

■ The trial court's ruling is not in conflict with our decision in *Glover* v. *Russell*, 260 Ark. 609, 542 S.W.2d 751 (1976), where a chancellor's decision invalidating petitions filed 55 days before an election was upheld. In this regard, see also *Phillips* v. *Rothrock*, 194 Ark. 945, 110 S.W.2d 26 (1937). Further, we have held that though a filing mark is evidence of the filing of the document, the mark in and of itself is not an essential element of the act. *Stanislaus* v. *Austin*, 202 Ark. 441, 150 S.W.2d 610 (1941).

■ Appellants argue for their second point the fact that the county clerk apparently failed to publish a notice of the election as required by Ark. Code Ann. § 14-14-917(c)(1) (1987). That statute calls for notice to be given "through publication by a two-time insertion, at not less than a seven-day interval, in a newspaper of general circulation in the county, or as provided by law." Further, the notice must state that the measure will be presented to voters at the next regular election "and shall include the full text, the ballot title, and the official numeric designation of the measure."

■ In *Phillips* v. *Rothrock*, supra, this court noted the failure of the county clerk to publish "the notice required by law" and there stressed the mandatory character of the enabling acts governing initiative and referendum. However, in the recent case of *Wurst* v. *Lowery*, 286 Ark. 474, 695 S.W.2d 378 (1985), we emphasized that the public interest dictates that election results should become final without delay and stated:

> [T]he failure to publish notice of an election is immaterial if the election is actually held and the electors have not been deprived of the opportunity to express themselves. '[T]he voice of the people is not to be rejected for a defect or want of notice, if they have in truth been called upon and

spoken.' *Wheat* v. *Smith*, 50 Ark. 266, 7 S.W. 161 (1887). There is no indication that the voters in the three townships did not express themselves on the wet-dry issue in the 1980 general election.

286 Ark. at 475-476, 695 S.W.2d at 379.

Appellants' reliance in this regard on *Garrett* v. *Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987), is misplaced. The majority in *Garrett* referred to *Wurst*, supra, in a totally different context and said nothing to challenge the language quoted above.

■ Point three argued by appellants concerns the defects in the preparation, circulation, and filing of the petition and the placement of the issue on the ballot. This argument is without merit and is controlled by our holding in *Phillips* v. *Rothrock*, where we stated:

> [A]ll provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election, all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.

194 Ark. at 952-53, 110 S.W.2d at 30.

■ None of the errors argued by appellants meet the exceptions of the above-quoted rule. As we observed in *Jones* v. *Etheridge*, 242 Ark. 907, 911, 416 S.W.2d 306, 309 (1967): "An election by the people should not be so lightly impugned by those who only hope to find enough information to change the result of an election." It must be demonstrated that the outcome would have been different but for the irregularities and such a showing has not been made by appellants.

The fourth issue for reversal actually consists of a list of minor irregularities ranging from the voting by non-residents of Wheatley, to the service as an election official of the Rev. Hoggatt, who assumed the duty upon the absence of another

appointed official, to the late opening of the polling place. The trial court noted that when the 13 alleged illegal votes were subtracted from the result, there remained a two to one margin in favor of the "drys." With regard to the service of the Rev. Hoggatt, there was no showing that his presence at the polling place had any effect on any voter. Nor was there any showing that any voter was disfranchised by the late opening of the polling place.

We said long ago, in *Patton* v. *Coates*, 41 Ark. 111 (1883):

> The wrong should appear to have been clear and flagrant; and in its nature, diffusive in its influences; calculated to effect more than can be traced; and sufficiently potent to render the results really uncertain. If it be such, it defeats a free election, and every *honest* voter and intimidated or deceived voter is aggrieved thereby. . . . If it be not so general and serious, the court cannot safely proceed beyond the exclusion of particular illegal votes, or the supply of particular legal votes rejected.

41 Ark. at 126.

■ This court has said that while we do not condone disregard of the state's election laws, we are nevertheless reluctant to void an entire election on the basis of a slight deviation from the statutory requirements. "The failure to comply with the letter of the law by election officers, especially in matters over which the voter has no control, and in which no fraud is perpetrated, does not as a general rule render an election void, unless the statute expressly makes it so." *Allen* v. *Rankin*, 269 Ark. 517, 521, 602 S.W.2d 673, 675 (1980) (quoting *Goggin* v. *Ratchford*, 217 Ark. 180, 229 S.W.2d 130 (1950)). None of the improprieties alleged by appellants appear to have affected the outcome of this election.

■ Lastly, appellants make a vague assertion that the Arkansas local option election laws amount to a denial of equal protection guaranteed by the Arkansas and U.S. Constitutions in that the private clubs and restaurant provisions of Ark. Code Ann. § 3-9-201 (1987) and Ark. Code Ann. § 3-8-205 (1987), dealing with the sale and consumption of alcoholic beverages, somehow discriminate in favor of tourists and visitors. No

authority is cited for this proposition, and we find the contention to be without merit.

Affirmed.

GLAZE, J., concurs.