Fred REICHENBACH, JR. et al. *v.* Rose A. SERIO, et al.

92-193 830 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered May 4, 1992

*Q. Byrum Hurst*, for appellants.

*Steven W. Elledge*, for appellees.

ROBERT L. BROWN, Justice. This appeal arises out of a wet-dry election in the Roc Roe Township that resulted in a vote in favor of a dry township. The appellants brought a complaint against the Monroe County Election Commission alleging irregularities and failure to comply with statutory procedures. The circuit court dismissed the complaint, and this appeal ensued. The appellants raise two points for reversal: the Monroe County Judge failed to enter an order calling the election, thereby thwarting any appeal or election contest, and the full text of the proposed measure did not appear on the election petitions. Neither issue has merit, and we affirm.

The facts are not in dispute. On August 10, 1990, an Initiative Petition was filed by forty-nine purported voters requesting the right to vote for a dry township in the general election in Roc Roe Township in Monroe County. The County Judge failed to enter an order directing that an election be held in the

township affected, but the matter was placed on the general election ballot in the following form:

> An Initiated Petition to Establish Roc Roe Township, Monroe County, as a Dry Township, thereby making the Manufacture or Sale of Intoxicating Liquors Illegal in Roc Roe Township.
>
> [ ] FOR the manufacture or sale of intoxicating liquors.
>
> [ ] AGAINST the manufacture or sale of intoxicating liquors.

The drys prevailed in the general election on November 6, 1990, receiving 87 votes, while the wets received 67 votes. No contest of the election procedure was made prior to the election.

On November 19, 1990, the appellants filed a complaint against the Commission alleging several election irregularities and failure to follow correct election procedures. On November 20, 1990, the County Judge certified the election results. Following a hearing and briefs by the parties, the circuit court dismissed the appellants' complaint on the basis that the voters were given an opportunity to cast a free and intelligent vote, the statute does not render the particular acts complained of as fatal to an election, and the appellants did not demonstrate that the results would have been different except for the alleged irregularities.

The appellants first urge that the election process was impermissibly deficient because the county court failed to enter an order directing that an election be held. The lack of an order is undisputed. The Arkansas Code does require that an order directing that an election be held be entered:

> (a) Upon application by written petition, signed by a number of legal voters in any county, city, town, district, or precinct to be affected equal to thirty-five percent (35%) of the qualified voters, it shall be the duty of the judge of the county court in the county at the next regular term thereof, after receiving the petitions, to make an order on his order book directing an election to be held in the county, city, town, district, or precinct to be affected thereby, on some day named in the petition no earlier than

sixty (60) days after the application is lodged with the judge of the court. . . .

Ark. Code Ann. § 3-8-302 (a) (1987). The appellants further contend that the absence of an order impeded their ability to appeal since they had nothing to appeal from. Under the applicable statute, there is a ten-day time frame from entry of the county judge's order in which an appeal must be taken. Ark. Code Ann. § 3-8-205 (c) (1) (1987). Without an order, according to the appellants, the appellate process was never activated. Further-more, they assert that they were left largely in the dark about election particulars.

 It is somewhat unclear from the record before us what notice, if any, was given to the electorate in advance of the election. All we know from the record is that petitions were filed with forty-nine purported names from the affected township. We can only presume that the county clerk then certified the petitions and the issue was placed on the ballot by the Election Commission according to law without challenge from the appellants. See Ark. Code Ann. § 3-8-205(b) (1987). Though no order was entered by the county judge, the fact remains that an election was held, and the appellants did not demonstrate to the satisfaction of the circuit court how the election results would have been altered by virtue of an order from the County Judge. Nor does the abstract shed any light on this point. We have previously held in no uncertain terms that those who would challenge an election must show "that the outcome would have been different but for the irregularities." Henard v. St. Francis Election Committee, 301 Ark. 459, 462, 784 S.W.2d 598, 600 (1990); see also Swanberg v. Tart, 300 Ark. 304, 778 S.W.2d 931 (1989). That has not been shown in this case.

 We further observe that there is nothing before us to suggest that the electorate in the township did not cast free and intelligent votes, which is a pivotal fact that we have noted in the past and one that the circuit court relied on in its decision. See Henard v. St. Francis Election Committee, supra; Swanberg v. Tart, supra. Though, again, it is somewhat unclear from the record exactly what information the electorate received before November 6, 1990, we do note that the votes cast in the wet-dry election were approximately the same as the township cast in

other contested matters which were on the ballot for the general election. Moreover, the wet-dry issue as described on the ballot was not one of overriding complexity. On the contrary, it was readily understandable from the ballot's description.

More than a hundred years ago, we stated that "the voice of the people is not to be rejected for a defect or want of notice, if they have in truth been called upon and spoken." *Wheat* v. *Smith*, 50 Ark. 266, 278, 7 S.W. 161, 165 (1887). In that early case we added: "Elections are not to be lightly set aside, though the law has not been strictly complied with. . . . It is of the utmost importance that the public should have confidence in the administration of the election laws, and to know that the will of the majority, when fairly expressed, will be respected." 50 Ark. at 280, 7 S.W. at 166.

More recently, we quoted with approval from *Wurst* v. *Lowery*, 286 Ark. 474, 695 S.W.2d 378 (1985), that "the failure to publish notice of an election is immaterial if the election is actually held and the electors have not been deprived of the opportunity to express themselves." *Henard* v. *St. Francis Election Committee*, 301 Ark. at 461, 784 S.W.2d at 600. No such deprivation to the voters is shown in the case before us. Indeed, it appears from the record that the Roc Roe electorate cast as many or more votes on the wet/dry issue as on any other.

■ Finally, after an election has been conducted, we have held that statutory requirements are merely directory and not mandatory:

> [A]ll provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election, all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.

*Phillips* v. *Rothrock*, 194 Ark. 945, 952-953, 110 S.W.2d 26, 30 (1937); *quoted with approval, Henard* v. *St. Francis Election*

*Committee*, 301 Ark. at 462, 784 S.W.2d at 600; *see also Swanberg* v. *Tart, supra.* Accordingly, the requirement for a county judge's election order would be directory and not mandatory after the election takes place.

In sum, because the election was held after petitions were duly filed without challenge and because there is no proof before us that the absence of a court order altered the election results or that the electorate did not freely and intelligently cast their votes based on the ballot description, we refuse to void the election, even though statutory procedures were not strictly followed. The appellants argue that they were not informed about the wet-dry measure before the actual election. This may have been the case, though we find it difficult to believe how the issue could have caught the appellants completely by surprise in light of the fact that a sizeable number of township residents signed the election petitions, and the issue was certified for election and placed on the ballot. Surely, the issue was a subject of discussion within the community. The circuit court's decision of this first point is affirmed.

For their second issue, the appellants contend that the election petitions circulated and signed by forty-nine signators failed to comply with the dictates of Ark. Code Ann. § 7-9-104 (a) (Supp. 1991), in that the petitions did not contain the title and full text of the measure actually proposed to the voters at the general election. Rather, the petitions contained this description: "We, the undersigned, request the right to vote for a dry precinct in the general election in Roc Roe Township, Monroe County, Nov. 6, 1990." The appellants argue that this description was deficient and actually misleading to the signators. We disagree. Section 7-9-104 (a) reads that the petition and order of referendum "shall be *substantially* the following form of petition . . . ." (Emphasis ours.) Substantial compliance with the recommended form, including the ballot title and full text, is contemplated under the specific terms of the statute.

With respect to what is required in a ballot title for a petition for referendum, we have liberally construed what constitutes sufficiency. *See Fletcher* v. *Bryant*, 243 Ark. 864, 422 S.W.2d 698 (1968). In *Fletcher*, we stated that a ballot title is sufficient if it alleges the general purpose of the act to be referred,

and we did not require that the details of the referred act be set out in the petition. Also, in *Henard* v. *St. Francis Election Committee, supra*, we disregarded the failure to publish notice of a local option alcohol election with the full text of the proposed measure and ballot title, when the election was actually held, and the electorate had expressed itself. Both cases are instructive for the case at hand. We do not believe that it was fatal for the election petitions to contain a description of the proposed measure that was dissimilar in form to the ballot language. Nor do we believe that the petition language is misleading. It apprised the potential signee that the petition was for the purpose of voting for a dry township at the general election. We hold that text was sufficiently precise.

Affirmed.