Garry DOTY and Patricia Doty *v.* Ida J. BETTIS, et al.

97-109                                          947 S.W.2d 743

Supreme Court of Arkansas
Opinion delivered June 16, 1997
[Petition for rehearing denied September 11, 1997.]

*Lyons, Emerson & Cone*, by: *Jim Lyons*, for appellants.

*Bill W. Bristow*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This appeal concerns the validity of a local-option election whereby the voters of Willis Township in Poinsett County were asked to decide whether Precinct 41 should become dry. The appellants, Garry and Patricia Doty, raise three arguments on appeal in support of their contention that the election results should be set aside. We affirm.

The underlying facts of this case are undisputed. In 1996, certain voters decided to circulate a petition that would place on the ballot an initiative to convert Precinct 41 of Willis Township in Poinsett County into a dry precinct. Accordingly, the proponents prepared and circulated a petition that read as follows:

### PETITION

We the undersigned being qualified electors in Precinct 41 of Willis Township in Poinsett County do hereby petition for an election to be held to determine whether or not licenses shall be granted for the manufacture or sale, or the bartering, loaning or the giving away of intoxicating liquor, beer or wine within the designated territory of Precinct 41 of Willis Township in Poinsett County, Arkansas.

After obtaining the necessary signatures, the promoters submitted their initiative petition to the county clerk of Poinsett County. Twelve of the submitted signature pages contained the above language while the remaining thirteen pages contained only

signatures. In contrast to the above language contained on some of the signature pages, the initiative petition submitted to the county clerk said:

### "INITIATIVE PETITION"

> We, the undersigned legal voters of the State of Arkansas, Poinsett County, Precinct 41 of Willis Township, respectfully propose the following amendment of the law, to wit:
> TITLE: To prohibit the manufacture or sale of intoxicating liquors in Precinct 41 of Willis Township of Poinsett County:
>
> and by this, our petition, order that the same be submitted to the people of Precinct 41, Willis Township of Poinsett County to the end that the same may be adopted, enacted, or rejected by the vote of legal voters of said Precinct 41, Willis Township of Poinsett County at the regular general election to [be] held in said Willis Township on the 5th day of November, 1996, . . . .

The county clerk verified the signatures and certified the petition to the county court and the election commissioners. Likewise, the County Court of Poinsett County found that the signatures were sufficient and ordered the Election Commissioners of Poinsett County to place the following on the ballot:

> FOR THE MANUFACTURE OR SALE OF INTOXI-CATING LIQUORS
>
> AGAINST THE MANUFACTURE OR SALE OF INTOXICATING LIQUORS

Gary and Patricia Dotty appealed the county court's order to the Circuit Court of Poinsett County alleging that the promoters of the initiative violated several statutory requirements. The circuit court rejected the Dotys' arguments and ordered the matter to be placed on the November 5, 1996, ballot.

The Dotys filed a notice of appeal of this ruling on November 4, 1996, just one day prior to the scheduled election. We must presume that the initiative was in fact placed on the November 5, 1996, ballot, and that the election was held because courts are without authority to enjoin the holding of a regularly scheduled election, regularly called. *Brown v. McDaniel*, 244 Ark. 362, 427

S.W.2d 193 (1968). Neither party, however, has informed this court of the result of the election; hence, we do not know whether the initiative passed or failed.

On appeal, the Dotys allege that the results of the election must be set aside because the initiative petition contained the following three procedural defects: 1) all of the signature pages did not contain the full language of the petition as required by Ark. Code Ann. § 7-9-104(c); 2) the explanation of the initiative contained on some of the signature pages was materially different from the initiative language submitted to the county clerk; and 3) the election date was not mentioned in the petition as required by Ark. Code Ann. § 3-8-902(a).

■ The timing of this appeal is crucial to our review of the issues presented. It is well settled that *prior to an election* the provisions of the laws are mandatory, and thus, we will strike an initiative from the ballot if does not strictly adhere to the statutory requirements. *Reichenbach v. Serio,* 309 Ark. 274, 830 Ark. 847 (1992); *Henard v. St. Francis Election Comm.,* 301 Ark. 459, 784 S.W.2d 598 (1990); *Swanberg v. Tart,* 300 Ark. 304, 778 S.W.2d 931 (1989). In contrast, if the appeal reaches this court *after the election* has occurred, the only remedy we can provide is to set aside the election results, and thus the statutory requirements are merely directory. *Reichenbach, supra; Henard, supra; Swanberg, supra.* In other words, once the votes have been cast, we will not set aside the election unless the procedural errors rendered the result doubtful or prevented the electorate from casting free and intelligent votes. *Reichenbach, supra; Henard, supra; Swanberg, supra.* We have explained that the reason for this rule is that:

> It is of the utmost importance that the public should have confidence in the administration of the election laws, and to know that the will of the majority, when fairly expressed, will be respected.

*Reichenbach, supra* (citing *Wheat v. Smith,* 50 Ark. 266, 7 S.W. 161 (1887)).

■ The Dotys' appeal was not submitted to this court for consideration until June 9, 1997, which is over seven months after the election occurred. Thus, at this point, the only remedy we

can provide to the Dotys is to set aside the election results, which we have previously explained will be done only when it has been demonstrated that the outcome of the election would have been different but for the procedural irregularities. *Reichenbach, supra*; *Henard, supra*. Without knowing the results of the November 5, 1996, election it is impossible for us to make this determination. Furthermore, the Dotys have failed to demonstrate in their briefs how the outcome of the election would have been different if the three alleged procedural irregularities had not occurred. Accordingly, we must affirm without reaching the merits of the Dotys' arguments on appeal.

Affirmed.