Garry DOTY, Patricia Doty, Pearl Marie Roden, and James W. Roden, Appellants *v.* Junaway PAYNE, *et al.*, Appellees; Joan Cash, James Pagan, Vance McDaniel, Donna Pippinger, and Carol Ann White, Intervenors

98-1231                                   989 S.W.2d 159

Supreme Court of Arkansas
Opinion delivered April 22, 1999

*Watlington Law Firm*, by: *Garland L. Watlington*, for appellants.

*Brent Davis*, Prosecuting Att'y, Second Dist., by: *Clayton K. Hodges*, for appellees.

*Bill W. Bristow*, for intervenors.

ROBERT L. BROWN, Justice. This is the second appeal we have had relating to the 1996 wet-dry election in Willis Township, Precinct 41, Poinsett County. This township currently allows the sale of intoxicating liquors. In the first litigation, appellants Garry Doty, who operates a liquor store in the township, and Patricia Doty, his wife, sued to stop the placement of an initiative petition on the ballot to prohibit the sale or manufacture of intoxicating liquors. The Poinsett County Court Judge rejected the arguments raised, and the circuit judge affirmed. The matter was appealed to this court, and we affirmed without reaching the merits because the Dotys had failed to furnish us with the results of the 1996 wet-dry election and, furthermore, had failed to demonstrate how the election would have been different absent

the alleged procedural irregularities. *See Doty v. Bettis*, 329 Ark. 120, 947 S.W.2d 743 (1997).

In the instant appeal, the record and abstract inform us that the wet-dry election was held on November 5, 1996, and the vote was 113 for the sale of intoxicating liquors and 266 against such sales. On November 8, 1996, the Poinsett County Election Commission certified the results of the election. On November 15, 1996, the Dotys and other residents and legal voters of the township filed a complaint against the Poinsett County election commissioners, the county judge, and the county clerk, all of whom comprise the appellees in this matter. In their complaint, the plaintiffs-appellants contested the election and requested either a declaration that a majority of the voters voted against the petition to prevent the sale of intoxicating liquors, which would allow the township to remain wet, or, alternatively, a declaration that the election was invalid. At the heart of the complaint was an allegation that the ballot on the wet-dry issue for the November 5, 1996 election was misleading. That ballot read as follows:

PETITION TO PREVENT THE MANUFACTURE OR SALE
OF INTOXICATING LIQUORS IN PRECINCT 41,
WILLIS TOWNSHIP

| FOR | the manufacture or sale of intoxicating liquors | [ ] |
| AGAINST | the manufacture or sale of intoxicating liquors | [ ] |

On December 2, 1996, Joan Cash and others moved to intervene in the litigation, and their motion was granted. In their response to the complaint, the intervenors claimed that the election should be upheld and that the issues raised in the complaint were barred by *res judicata* due to the first lawsuit.

The circuit judge conducted a hearing on the election contest, and no witnesses were called. On April 18, 1998, the circuit judge dismissed the complaint with prejudice and ruled that with respect to the allegation that the ballot was misleading,

the ballot was in accord with Ark. Code Ann. § 3-8-206 (Repl. 1996). This statute requires that the issue be placed on the ballot as FOR [ ] or AGAINST [ ] the manufacture or sale of intoxicating liquors and that the voters be instructed to put an "X" in the appropriate box. The circuit judge also concluded that there had been no attack on the constitutionality of the statute.

The appellants now raise the same issue on appeal, urging again that the ballot was misleading. Specifically, they argue that the voters may have been confused and voted for or against the petition which would have had the opposite effect of voting for or against the sale of intoxicating liquors. If a majority of the voters voted against the petition, they contend, the result would be that the county remained wet.

■■ At the hearing, the appellants presented no witnesses or other proof to the circuit judge to prove their case that the ballot was misleading and that except for the misleading tendencies the outcome of the election would have been different. This failure of proof is fatal to their case. *See Reichenbach v. Serio,* 309 Ark. 274, 830 S.W.2d 847 (1992); *Henard v. St. Francis Election Comm.,* 301 Ark. 459, 784 S.W.2d 598 (1990). Once the votes have been cast, this court will not set aside an election unless procedural errors rendered the result doubtful or prevented the voters from voting freely or intelligently. *See Doty v. Bettis, supra.* This requires proof, and the appellants presented none. Furthermore, the circuit judge correctly concluded that the ballot complied with the format of § 3-8-206.

■ There is an additional reason for affirmance, though the issue was not argued to the circuit judge. The propriety of the ballot was a matter that should have been contested before the election, and the appellants failed to do that. Had it been done, the circuit judge would have been entirely correct to dismiss the complaint for lack of timeliness. The appellants argue that they could not have contested the misleading tendencies of the ballot itself because they did not know how the ballot would read until election day, November 5, 1996. We question this assertion. It is clear under our statutes that all local-option elections are held in accordance with the provisions of the general election laws of the

state. *See* Ark. Code Ann. § 3-8-304(d) (Repl. 1996). The ballots for a general election are prepared well in advance of the election date and delivered to the county clerk for mailing to absentee voters. *See* Ark. Code Ann. § 7-5-407 (Repl. 1993); *see also* Ark. Code Ann. § 7-5-209 (Repl. 1993); *McFarlin v. Kelly*, 246 Ark. 1237, 442 S.W.2d 183 (1969); *cf. State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989). Moreover, all questions required by law to be submitted to the voter are listed and posted ten days before an election, and sample ballots are available to the public and press. *See* Ark. Code Ann. § 7-5-206 (Repl. 1993). We deem it incumbent upon parties vitally interested in an initiative petition, as the appellants were, to familiarize themselves with the ballot before the election. They had ample time to do this. By waiting as they did until after the election to raise the issue, they were simply too late.

Affirmed.