2012 Ark. 384

**CITY OF MARION, Arkansas, Charles Eugene Miller, III, Elizabeth VH Miller and Christopher B. Miller, Appellants**

v.

**CITY OF WEST MEMPHIS, Arkansas and David S. Wallace, Appellees.**

No. 12–203.

Supreme Court of Arkansas.

Oct. 11, 2012.

Hale, Young & Partlow, by: James C. Hale, III and Laura E. Partlow, Trumann; and Durrett & Coleman, West Memphis, by Gerald Coleman, for appellants.

Bristow & Richardson, P.L.L.C., by: Bill W. Bristow, Jonesboro; and David Peoples, for appellee.

JIM HANNAH, Chief Justice.

Appellants, City of Marion, Charles Eugene Miller III, Elizabeth VH Miller, and Christopher B. Miller, appeal the order of the Crittenden County Circuit Court granting declaratory judgment in favor of appellee, City of West Memphis (West Memphis), and finding valid West Memphis's land annexation. On appeal, appellants contend that the doctrine of res judicata barred West Memphis's petition for declaratory relief, that West Memphis's 1997 annexation election is void for failure to accurately describe the land to be annexed, and that the Millers' annexations are valid. We affirm the circuit court.

The procedural history of this case is lengthy. On December 23, 1996, West Memphis passed Ordinance No. 1760, providing for a special election on February

24, 1997. The purpose of the election was to vote for annexation of 5700 acres to West Memphis. On December 30, 1996, seven property owners of 2340 acres within the same 5700 acres petitioned the Crittenden County Court for voluntary annexation to the City of Marion (Marion). The Crittenden County Court entered an order granting the petition for annexation to Marion, and on February 11, 1997, Marion passed Ordinance No. 328, accepting the 2340 acres. Ordinance No. 328 contained an emergency clause that rendered the Marion annexation effective immediately.

On February 18, 1997, in Case No. CIV–97–93, Marion filed a complaint in the Crittenden County Circuit Court, seeking a writ of mandamus against West Memphis and the Crittenden County Board of Election Commissioners to remove the 2340 acres from the legal description of the special-election ballot. The complaint further sought a declaratory judgment and an injunction to enjoin the February 24, 1997 election. The circuit court denied the request for an injunction and a writ of mandamus, but it issued a declaratory judgment, specifically finding that the 2340 acres belonged to Marion, because Ordinance No. 328 became effective on the date it was passed. The circuit court determined that the ballots for the election had been printed and that seven voters had already voted. The circuit court further determined that should the election result in a favorable vote for annexation of the 5700 acres, the 2340 acres annexed to Marion would not become a part of West Memphis.[1]

West Memphis held the scheduled February 24 election, and the 5700–acre legal description—including the 2340 acres that had been annexed to Marion—appeared on the ballot. The West Memphis voters approved the annexation measure.

On February 24, 1997, in Case No. CO–97–23, David Wallace filed a petition in Crittenden County Court to annex into Marion approximately 196 acres of property that he owned. Wallace's land was part of the proposed 5700–acre West Memphis annexation, but it was not part of the 2340–acre Marion annexation. Wallace's petition was denied.

On March 26, 1997, in Case No. CIV–97–217, Marion and the landowners of the 2340–acre Marion annexation filed a complaint in Crittenden County Circuit Court seeking to void the West Memphis annexation election. West Memphis answered and admitted that the 2340 acres annexed by Marion were included in the 5700–acre description on the West Memphis annexation ballot. Marion moved for summary judgment and requested that the February 24, 1997 election be declared null and void. The circuit court granted the motion, specifically finding that West Memphis was barred by the doctrines of collateral estoppel and res judicata from relitigating the issues addressed in CIV–97–93. The circuit court did not, however, find that the election was null and void.

On January 4, 2000, in Case No. CV–2000–03, David Wallace filed a petition in Crittenden County Circuit Court requesting that the circuit court declare null and void and set aside the county court's order in Case No. CO–97–23 denying his petition to annex 196 acres into Marion.

On February 18, 2005, in Case No. CO–2005–11, the Millers filed petitions in Crittenden County Court to voluntarily annex into Marion approximately 104 acres that

1. West Memphis appealed from the order granting declaratory judgment to Marion, and this court affirmed. *See City of W. Memphis v. City of Marion,* 332 Ark. 421, 965 S.W.2d 776 (1998).

they owned. The Miller land was part of the 3360 acres that was not annexed into Marion. The Millers published notice, with a description of the land for annexation and the annexation hearing date, in a newspaper of general circulation. On May 24, 2005, the Crittenden County Court entered an order approving the annexations. There were no objections lodged to the annexations within the requisite thirty days of the entry of the county court's order, and on October 25, 2005, Marion accepted the annexation of the Miller lands by Ordinance No. 452.

On May 23, 2007, West Memphis filed the present lawsuit in the Crittenden County Circuit Court for declaratory judgment to challenge the annexation of the Miller lands. The circuit court entered an order consolidating the case with Case No. CV–2000–03, Wallace's case against West Memphis. West Memphis contended that the Miller annexations were invalid because the Millers did not follow the statutory procedure to detach their property from West Memphis before petitioning for annexation into Marion. West Memphis also contended that there was a jurisdictional defect with Wallace's petition because he did not appeal the county court's order denying his petition for annexation;

instead of appealing, Wallace filed a new action in the circuit court.

Marion argued that the West Memphis annexation election was void because both the election ballot and the published election notice contained the 5700–acre description, which included the 2340 acres that had been annexed to Marion. Marion further argued that West Memphis should have amended its election ballot to exclude the 2340 acres annexed to Marion from the original 5700 acres that West Memphis sought to annex and that, because the ballot and the notice contained an inaccurate land description, the election was void for failure to comply with Arkansas Code Annotated section 14–40–303(a)(1) (Supp. 2005). In addition, Marion contended that the validity of the Wallace and Miller annexations depended upon the validity of the West Memphis election. Finally, Marion argued that West Memphis's action for declaratory judgment was barred by the doctrine of res judicata because West Memphis failed to raise the issue of the validity of its election in previous litigation.

The circuit court noted that the parties agreed that there was no law directly on point, but it found persuasive West Memphis's argument that Arkansas Code Annotated section 14–40–303(f) (Supp.2011)[2] was applicable by analogy. The circuit

---

**2.** Section 14–40–303(f) provides, in relevant part:

(f)(1) In the event that within thirty (30) days of the date that one (1) city calls for an annexation election, another city calls for an annexation election on all or part of the same land proposed to be annexed by the first city, then both annexation elections shall be held, provided that the second city must call for its annexation election to be held on the next available date in accordance with § 7–11–201 et seq. before or after the holding of the first city's election.

(2)(A) If the annexation election held first is approved by the voters, the results of it shall be stayed until the second annexation election is held.

(B)(i) If only one (1) of the annexation elections is approved by the voters, then the city that called that election shall proceed with the annexation of the land.

. . . .

(3) If the city that does not get to annex the area voted on by both cities included land in its annexation election other than the land voted on by both cities, then that land shall be annexed into such city if it is still contiguous to such city after the other land is annexed to the other city, but such land shall remain part of the county if it is not so contiguous.

court found that West Memphis was not required to amend the 5700–acre legal description; that the Marion annexation did not operate to frustrate the entire West Memphis annexation but did so only as to the 2340 acres annexed by Marion, that the remaining 3360 acres were contiguous to West Memphis, and that the remaining 3360 acres, which was the portion of the annexed property that was not annexed by Marion, became part of West Memphis by operation of law. In an order entered November 16, 2011, the circuit court granted West Memphis's petition for declaratory judgment and also rendered judgment for West Memphis in the Wallace case.[3]

We begin with appellants' contention that the doctrine of res judicata barred West Memphis's petition for declaratory relief because West Memphis "failed to raise the issue of the validity of their election in two previous cases," Case No. CIV–97–93, and Case No. CIV–97–217. Res judicata means that "a thing or matter has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction." *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 544, 231 S.W.3d 628, 635 (2006) (quoting *Hunt v. Perry*, 355 Ark. 303, 310, 138 S.W.3d 656, 659 (2003)). The doctrine, through doctrines of merger or bar, precludes relitigation of a cause of action. *Orr v. Hudson*, 2010 Ark. 484, 374 S.W.3d 686.

Case No. CIV–97–93 and Case No. CIV–97–217 involved disputes over the 2340 acres that had been annexed to Marion.[4] Here, the dispute involves the remaining 3360 acres. The doctrine of res judicata does not bar West Memphis from

raising the issue of the validity of the election.

Appellants next contend that the annexation election must be declared void because West Memphis failed to accurately describe the land to be annexed, as required by Arkansas Code Annotated section 14–40–303(a)(1). They further contend that, by including the 2340 acres in the legal description of the property to be annexed, West Memphis "misled" the voters. We have noted that, in election cases,

> [t]he timing of [the] appeal is crucial to our review of the issues presented. It is well-settled that *prior to an election* the provisions of the laws are mandatory, and thus, we will strike an initiative from the ballot if it does not strictly adhere to the statutory requirements. *Reichenbach v. Serio*, 309 Ark. 274, 830 S.W.2d 847 (1992); *Henard v. St. Francis Election Comm.*, 301 Ark. 459, 784 S.W.2d 598 (1990); *Swanberg v. Tart*, 300 Ark. 304, 778 S.W.2d 931 (1989). In contrast, if the appeal reaches this court *after the election* has occurred, the only remedy we can provide is to set aside the election results, and thus the statutory requirements are merely directory. *Reichenbach, supra; Henard, supra; Swanberg, supra*. In other words, once the votes have been cast, we will not set aside the election unless the procedural errors rendered the result doubtful or prevented the electorate from casting free and intelligent votes. *Reichenbach, supra; Henard, supra; Swanberg, supra*.

*Doty v. Bettis*, 329 Ark. 120, 123, 947 S.W.2d 743, 744 (1997) (emphasis in original).

---

**3.** Wallace is not a party to this appeal.

**4.** Marion challenged the validity of the election in Case No. CIV–97–93 and Case No.

CIV–97–217, but it never obtained a ruling on the issue.

The appeal in this case was not submitted to this court for consideration until October 4, 2012, which is over fifteen years after the election occurred. Therefore, at this point, the only remedy we can provide is to set aside the election results, which we have previously explained will be done only when it has been demonstrated that the procedural errors rendered the result doubtful or prevented the voters from casting free and intelligent votes. Appellants contend that, without an accurate map or description of the 3360 acres that were subject to the annexation, the average voter could not possibly cast an intelligent and knowledgeable vote on the annexation proposal. West Memphis asserts that the legal |₈description included all the land to be annexed—the 3360 acres that the circuit court had not excluded from annexation in 1997. West Memphis further asserts that the inclusion of the additional acreage of 2340 acres, which the circuit court ruled could not be included even if the election carried, does not impact the validity of the annexation of the properly described 3360 acres.

West Memphis's argument is well taken. There is no contention that the 3360 acres were improperly described; rather, appellants argue that the inclusion of additional acreage renders the entire election void. We cannot say that the inclusion of the additional acreage prevented the electorate from casting free and intelligent votes.

As we have often said, we will affirm the circuit court where it reaches the right result, even though it may have announced the wrong reason. *E.g., Bridges v. Shields*, 2011 Ark. 448, 385 S.W.3d 176. The circuit court erred in finding that section 14–40–303(f) was applicable in this case; that statute governs the procedures for two cities that have called for annexation elections on all or part of the same land. Nevertheless, the circuit court reached the right result in finding that the 3360 acres became a part of West Memphis. Finally, once the 3360 acres, which includes the Millers' property, were annexed to West Memphis, the Millers were required to follow the procedures set forth in Arkansas Code Annotated section 14–40–608, which addresses the right to detach certain lands after an annexation proceeding. Appellants concede on appeal that the Millers did not follow these procedures; accordingly, the Millers' land remains part of West Memphis.

Affirmed.