Gladys JOHNSON v. STATE of Arkansas

CA CR 85-180                                    704 S.W.2d 647

Court of Appeals of Arkansas
Opinion delivered March 5, 1986

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant has appealed from her conviction of possession of a controlled substance with intent to deliver for which she was sentenced to a term of four years in the Department of Correction. Appellant's brief does not comply with Rule 9(d) of the Rules of the Supreme Court and the Court of Appeals.

Rule 9(d) requires that the appellant furnish us an abstract of the record containing a condensation of those material parts of the record which are necessary to an understanding by the court of all questions presented for decision. The main thrust of appellant's argument is that the trial court erred in not suppressing evidence obtained pursuant to a search warrant, contending that the warrant was issued on an insufficient showing of probable cause for a nighttime search. The abstract furnished us does not contain the search warrant, the affidavit, or other documentation on which it was issued. The appellee did not submit a supplemental abstract as permitted by Rule 9(e)(1) but bases his argument on facts not found in the abstract.

On appeal the abstract of the record constitutes the

record and the appellate court considers only that which is contained in the abstract. We have often stated that where the appellant's abstract does not contain the testimony on which he bases his argument we will not explore the record for prejudicial error. The scattering of transcript references throughout an argument is not a substitute for a proper abstract. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980); *Horne* v. *State*, 12 Ark. App. 301, 677 S.W.2d 856 (1984). The court has also pointed out the difficulty of all judges of this court exploring a single record.

■ The appellant's brief is flagrantly deficient and causes an unreasonable and unjust delay in the disposition of this case. However, in view of the sentence imposed, this court finds that it would be unjustly harsh to affirm this case for this noncompliance as authorized by the rule.

Pursuant to Rule 9(e)(2), appellant's attorney will be allowed fifteen days to supplement the abstract to conform to Rule 9(d) at his own expense. The appellee will be allowed fifteen days thereafter to revise or supplement its brief if the supplemented abstract requires it.