Glenn LEWIS, et al. *v.* The CITY OF BRYANT, et al.

86-211                                     726 S.W.2d 672

Supreme Court of Arkansas
Opinion delivered March 30, 1987

*Givens & Buzbee*, by: *J. R. Buzbee*, for appellants.

*Richard A. Garrett*, for appellees.

ROBERT H. DUDLEY, Justice. In May 1985, an ordinance proposing to annex 800 acres to the City of Bryant was submitted to the voters in Bryant and in the area proposed to be annexed. The proposed annexation was defeated. Four months later, on September 10, 1985, another ordinance was submitted to the voters, this one increasing the area of the proposed annexation to 914 acres. Prior to this election, the Mayor of Bryant, Dean Boswell, one of the appellees, publicly stated that the residents of the annexed area would have immediate fire and police protection. The ordinance itself provided that police protection, fire protection, and water service would be extended to the area within three (3) years. The ordinance was approved by the voters both in Bryant and in the area proposed for annexation. On October 9, 1985, appellants, who are nineteen persons residing in the area proposed for annexation, filed a petition to set aside the election and void the annexation. The trial court denied the petition. We affirm.

The trial court found that the City of Bryant is capable of providing municipal benefits to the area. Appellants contend that this finding of fact is clearly erroneous. They argue that municipal services can neither be provided "immediately," as promised by the mayor, nor within three (3) years, as set out in the ordinance.

As we have stated on numerous occasions, the rules governing our review of annexation cases are well settled. A high degree of reliance must be placed upon the findings of the trial judge because, by the very nature of this type of litigation, there is wide latitude for divergence of opinion. Thus, our task is not to decide where the preponderance of the evidence lies, but solely

and simply to ascertain whether the trial court's findings of fact are clearly erroneous. *Holmes* v. *City of Little Rock*, 285 Ark. 296, 686 S.W.2d 425 (1985).

The Bryant Police Chief, James Hipps, testified that his police force was capable of providing police services to the annexed area and that the area would be regularly patrolled. His testimony was supported by that of Mayor Boswell who stated that the City could provide police protection to the annexed area. Benton Chief of Police Curtis McCormick acknowledged that the ratio of men and equipment to the population in Bryant is about the same as in most other cities and towns in the state, and that under normal circumstances the response time for the police department from downtown Bryant to the annexed area would be adequate. Further, one of appellant's witnesses, Sheriff James Steed of Saline County, testified that the area to be annexed was his primary responsibility until the annexation was finalized, and then it would become the responsibility of the Bryant police force. He testified that a Bryant policeman might get to the annexed area faster than someone from the Sheriff's office.

The Bryant Fire Chief, Raymond Pittman, testified that the Bryant Fire Department could adequately protect the annexed area. He testified that adding the 914 acres to the city was not going to stretch the fire department any thinner than the other departments in the state. His plan for providing fire protection to the annexed area is to send a pumper and a tanker, and then if back up assistance is needed, call upon the fire departments of Collegeville, Salem, Benton, or Springhill. He estimated that it would take approximately ten minutes to respond to a fire at the farthest point in the annexed area. His testimony was also supported by that of Mayor Boswell.

Under the evidence presented in this case, we simply cannot say that the trial court was clearly erroneous, whether we view his finding to be that the City of Bryant can provide fire and police protection immediately, or within three years. Consequently, we do not address the issue of which of the two promised time periods would control, and we do not address the complex issue of whether a material misrepresentation by a responsible public figure might void an election.

Appellants next contend that the trial court failed to

consider evidence concerning the ability of the City of Bryant to provide the scheduled police and fire protection to the annexed area. Appellants' argument is based upon a statement made by the trial court at the conclusion of the hearing in which he said, from the bench, that evidence regarding the City of Bryant's ability to provide police and fire protection was "largely irrelevant." Appellants urge us to reverse and remand this case with instructions to the trial court to consider the evidence. As discussed under the first point of appeal, the trial court made a specific finding of fact that the City of Bryant was capable of providing municipal services to the area. Despite the trial court's comment that it found the evidence to be "largely irrelevant," the court clearly considered the evidence concerning Bryant's ability to provide the scheduled police and fire protection in reaching its finding of fact. We will not reverse and remand this case in order for the trial court to reconsider the evidence.

Finally, appellants contend that the September annexation election followed too closely on the heels of the May election and was thus unreasonable and, therefore, should be voided. They acknowledge that our statutes concerning the annexation of unincorporated lands are silent concerning time limits within which to resubmit an annexation proposal. They argue, however, that the two year time limit contained in Ark. Stat. Ann. § 19-312 (Repl. 1980), which applies to the consolidation of two municipalities, should be read into the statutes governing the annexation of unincorporated lands as a reasonable time period within which to prohibit further attempts at annexation. Appellants cite no authority for so construing the statute, and we decline to do so.

Affirmed.