Marvin Gene PEARSON *v.* STATE of Arkansas

CR 91-154 819 S.W.2d 284

Supreme Court of Arkansas
Opinion delivered November 25, 1991

*Jack Martin*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. On December 24, 1989, the appellant, Marvin Gene Pearson, entered the trailer of this ex-wife, Janet Pearson, wearing a ski mask and carrying a sawed-off shotgun. His ex-wife, two daughters, a granddaughter, and his son-in-law were present. The appellant threatened death or injury to all present. He was recognized by his son-in-law and eventually took off his mask. He then shoved Janet Pearson against the refrigerator and hit her with the butt of the shotgun. Following that, he forced everyone to the back of the trailer except his ex-wife, whom he took into the bedroom.

One of the daughters called the police. When the officers arrived, the appellant coerced Janet Pearson at gunpoint to leave with him in her truck. She drove while the appellant held the shotgun to her head, and the police gave chase. At some point the appellant decided to change seats with his ex-wife, and this caused the truck to run off the road and into a fence. Janet Pearson left the truck and ran to a nearby police car. The appellant escaped from the wreck and was apprehended several weeks later in Phoenix, Arizona.

The state charged the appellant with multiple crimes, including kidnapping, burglary, terroristic threatening, aggravated assault, felon in possession of a firearm, and fleeing, all of which resulted from the episode just described. He was found not guilty of possession of a firearm, and the fleeing charge was nolle prossed. The appellant was convicted of the remaining charges and sentenced to twenty years for kidnapping, ten years for burglary, six years for terroristic threatening, and one year for assault.

Two issues are raised on appeal, but, finding no merit in either, we affirm.

 The appellant first argues that the trial court erred in not giving AMI Crim. 1702-P, relating to whether the appellant released Janet Pearson voluntarily at the scene of the accident. In this regard, the appellant testified that he let her go unharmed after the wreck. He failed, however, to proffer an instruction. He

further failed to abstract the desired instruction as part of his appeal. These lapses are fatal to his argument on appeal.

■ We have held that the failure to proffer an instruction results in the issue's not being preserved for appeal. *See, e.g., Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990). Moreover, failure to abstract the requested instruction leaves us somewhat in the dark about the exact contents of what was precisely wanted in the way of an instruction. This pertains even to a model instruction which typically is a printed form that must be completed and tailored to the facts of the particular case. Because the desired instruction is not abstracted for our benefit, the abstract is deficient under our Supreme Court Rule 9(d), and we will not consider the merits of the point raised. *See Samples* v. *Samples*, 306 Ark. 184, 810 S.W.2d 951 (1991); *see also Johnson* v. *State*, 17 Ark. App. 125, 704 S.W.2d 647(1986).

■ The appellant, secondly, argues that convictions for kidnapping and terroristic threatening overlap and, accordingly, he was unduly penalized. We also do not reach the merits of this issue because the appellant failed to raise it before the circuit court. We have held that we will not consider the issue of overlapping convictions when raised for the first time on appeal except in death cases. *See Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983). There is no reason for us to abandon our position in the case before us.

Affirmed.