CITY OF WEST MEMPHIS and Lindsey Fairley, Nolan
Dawson, and Tom Graham, In Their Official Capacities as the
Crittenden County Board of Election Commissioners *v.*
CITY OF MARION

97-742                                                    965 S.W.2d 776

Supreme Court of Arkansas
Opinion delivered March 26, 1998

*David C. Peeples,* for appellant.

*James C. Hale, III;* and *Timothy Davis Fox,* for appellee/cross-appellant.

Donald L. Corbin, Justice. Appellant City of West Memphis raises three issues in this appeal arising out of the Crittenden County Circuit Court against Appellee City of Marion. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(6), as it concerns an election and election procedures involving both a voluntary annexation as set forth in Ark. Code Ann. §§ 14-40-601—606 (1987), and an involuntary annexation pursuant to Ark. Code Ann. §§ 14-40-301—304 (1987). Marion raises one issue on cross-appeal. Due to a flagrantly deficient abstract, we summarily affirm the direct appeal. We further affirm the cross-appeal.

The facts culminating in this appeal began on December 23, 1996, when West Memphis passed Ordinance No. 1760, providing for a special election on February 24, 1997. The purpose of the election was to vote for annexation of 5,700 acres to West Memphis. On December 30, 1996, seven property owners of 2,340 acres within the same 5,700 acres, petitioned the Crittenden County Court for voluntary annexation to Marion. The Crittenden County Court granted the petition for annexation to Marion in an order entered on February 4, 1997. On February 11, 1997, Marion passed Ordinance No. 328, accepting the 2,340 acres. Ordinance No. 328 contained an emergency clause which rendered the Marion annexation effective immediately.

On February 18, 1997, Marion filed a complaint in the Crittenden County Circuit Court, seeking a writ of mandamus against West Memphis and the Crittenden County Board of Election Commissioners to remove the 2,340 acres from the legal description on the special-election ballot. The complaint further sought a declaratory judgment and an injunction to restrain the February 24, 1997 special election. The circuit court conducted a hearing on February 20, 1997, and ultimately denied the writ of mandamus and injunction. The circuit court, however, issued a declaratory judgment, in an order entered on February 20, 1997, and filed on March 14, 1997. Specifically, the circuit court found that the 2,340 acres belonged to Marion, as Ordinance No. 328 became effective on the date it was passed. The circuit court also ruled that the order could only be challenged by an interested party filing a complaint in the circuit court to prevent the annexa-

tion. The circuit court determined that the ballots for the February 24, 1997 special election had been printed, and seven voters had already voted. The circuit court further determined that should the election result in a favorable vote for annexation of the 5,700 acres, the 2,340 acres annexed to Marion would not become part of West Memphis. The trial court relied on section 14-40-301, which provides that "[t]he provisions of this subchapter shall not be construed to give any municipality the authority to annex any portion of another city or incorporated town." West Memphis then filed notice of this appeal on April 9, 1997. Marion filed notice of cross-appeal on April 21, 1997.

■ ■ The standard of review for annexation cases is substantial evidence. *Lewis v. City of Bryant*, 291 Ark. 566, 726 S.W.2d 672 (1987). Our sole responsibility is to decide whether the circuit court's findings of fact are clearly erroneous. *Id.* (citing *Holmes v. City of Little Rock*, 285 Ark. 296, 686 S.W.2d 425 (1985)). When the appellate court has a firm and definite belief that the trial court made a mistake, it will hold the trial court's finding as clearly erroneous even if there is evidence to support it. *Henry, Walden & Davis v. Goodman*, 294 Ark. 25, 741 S.W.2d 233 (1987).

West Memphis raises three points for reversal: (1) the trial court erred in ruling on the action for declaratory judgment after denying the writ of mandamus and injunction; (2) the trial court erred in ruling that the 2,340 acres were annexed to Marion and that West Memphis thus had no authority to annex that property upon approval of the voters; and (3) the trial court erred in determining that the emergency clause to Ordinance No. 328 made the ordinance effective on February 11, 1997, the date of its passage. We do not reach the merits of any of these arguments, as Appellants' abstract, consisting of only six pages, is flagrantly deficient.

■ We addressed a similar abstract deficiency in *Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997), commenting:

> It is well established that the abstract is the record for purposes of appeal. *Allen v. Routon*, 57 Ark. App. 137, 943 S.W.2d 605 (1997). We have recently held that section [4-2](a)(6) of the Arkansas Supreme Court Rules is violated when there are no ref-

erences to the pages of an abstract and only transcript citations were supplied to the court. *Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994). A transcript will not be examined to reverse a lower court. *Oliver v. Washington County Arkansas*, 328 Ark. 61, 940 S.W.2d 884 (1997). The burden is clearly placed on the appealing party to provide both a record and an abstract sufficient for appellate review. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997); *Lee v. Villines*, 328 Ark. 189, 942 S.W.2d 844 (1997) . . . . This court will not entertain an argument when it cannot be determined from the abstract what arguments were made to the lower court. *Cosgrove*, 327 Ark. at 328, 938 S.W.2d at 830. When previously confronted with an extensive record and numerous volumes, and where the abstract was nine pages and left out relevant information and was hard to understand, this court has refused review. *Jewell v. Miller Co. Elec. Comm.*, 327 Ark. 153, 936 S.W.2d 754 (1997).

Rule 4-2(a)(6) of the Arkansas Supreme Court clearly requires that the abstract should contain "pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." The purpose of an abstract is to give us an understanding of the issues on appeal. *McAdams v. Automotive Rentals, Inc.*, 325 Ark. 332, 924 S.W.2d 464 (1996). We may affirm for noncompliance with the Rule when there is a flagrantly deficient abstract.

*Id.* at 44-45, 945 S.W.2d at 377. The inherent logic of this rule is that there are seven justices on our court, but only one record. *Cosgrove*, 327 Ark. 324, 938 S.W.2d 827. Mere references to the transcript scattered in the brief are insufficient. *Adams v. State*, 276 Ark. 18, 631 S.W.2d 828 (1982).

■    Here, West Memphis failed to meet its burden of producing a sufficient abstract. West Memphis did not abstract any of the arguments made or testimony given to the trial court. The record in this case consists of two volumes, having a total of 124 pages, and includes six exhibits. The six-page abstract does not give us adequate information with which to decide the complicated issues presented in this appeal. Moreover, the only exhibit abstracted is Ordinance No. 328. The flagrantly deficient abstract bars review on appeal for failure to comply with Ark. Sup. Ct. R. 4-2(a)(6). Selected pleadings occupy most of this minimal

abstract. West Memphis made little effort to comply with Rule 4-2(a)(6), which requires a reference to the record with every two pages abstracted. We note that Marion supplemented the abstract of the record in support of its cross-appeal; however, this did not cure the above-noted deficiencies. Accordingly, we summarily affirm all three issues raised on direct appeal.

### Cross-Appeal

The sole issue on cross-appeal concerns whether the trial court erred by denying Marion's requested relief of mandamus to the extent that the special election involved the disputed 2,340 acres. Marion, therefore, would have this court set aside the February 24, 1997 special election.

We recently addressed another election issue in *Doty v. Bettis*, 329 Ark. 120, 947 S.W.2d 743 (1997):

> [I]f the appeal reaches this court *after the election* has occurred, the only remedy we can provide is to set aside the election results . . . . In other words, once the votes have been cast, we will not set aside the election unless the procedural errors rendered the result doubtful or prevented the electorate from casting free and intelligent votes.

*Id.* at 123, 947 S.W.2d at 744 (citations omitted).

Mandamus is properly ordered when there is an established right, *and* the law does not have a specific remedy with which to enforce that right. *Gregg v. Hartwick*, 292 Ark. 528, 731 S.W.2d 766 (1987). Although this court has frequently recognized the writ of mandamus as a remedy to remove ineligible candidates on ballot titles, *see, e.g., Ivy v. Republican Party*, 318 Ark. 50, 883 S.W.2d 805 (1994), we construe the issue raised on cross-appeal as an alternative argument to reversal on direct appeal. Setting the election aside now would not benefit Marion. The circuit court considered that seven voters had already cast ballots at the time of the February 20, 1997 hearing and prudently declined to issue the writ of mandamus. The declaratory judgment effectively removed the disputed 2,340 acres from the West Memphis ballot, thus Marion has already received the relief it now requests on cross-appeal. Marion does not allege that the failure to issue

the writ made the result of the election doubtful or prevented the voters from free and intelligent votes.

For the reasons above, we affirm the circuit court's judgment in its entirety.

Affirmed.