James Wesley JOHNSON *v.* STATE of Arkansas

CR 97-144                                        968 S.W.2d 51

Supreme Court of Arkansas
Opinion delivered April 30, 1998

*Walter G. Riddick, III*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. James Wesley Johnson appeals from an order denying his petition for postconviction relief under now-superseded Rule 36.4. The drug convictions that preceded the filing of the petition occurred in May 1990 when Rule 36.4 was in effect. We affirm as Mr. Johnson's abstract is flagrantly deficient. Ark. Sup. Ct. R. 4-2(a)(6).

The brief filed on Mr. Johnson's behalf informs us that the hearing conducted in the Trial Court was at the instance of an order by a federal court purporting to free Mr. Johnson if he were not given a hearing. We cannot ascertain the terms of any such order because it is not included in the record before us. Mr. Johnson's counsel characterizes this as a "no merit" appeal. It does not, however, comply with Ark. Sup. Ct. R. 4-3(j), which provides that, when an appeal is perceived by counsel to be wholly without merit, counsel may request to withdraw. The Rule continues as follows:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract section of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the trial court.

Ark. Sup. Ct. R. 4-3(j)(1).

Rather than follow the format described above, Mr. Johnson's counsel has informed the Court that he does not feel at liberty to withdraw from the case because of the federal-court order that we have not seen, and he is presenting the arguments his client wishes us to hear despite their lack of merit.

■ ■ Even if we were to treat this as a "no merit" appeal, an abstract would be required. Ark. Sup. Ct. R. 4-3(j)(1). An abstract "should consist of an impartial condensation . . . of *only* such material parts of the pleadings, proceedings, facts, docu-

ments, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5). At a minimum, abstracts of basic pleadings and court orders are necessary. *See King v. State,* 325 Ark. 313, 925 S.W.2d 159 (1996); *Edwards v. Neuse,* 312 Ark. 302, 849 S.W.2d 479 (1993).

■ Mr. Johnson's argument raises issues of ineffective assistance of counsel, and he questions whether it was proper for the Trial Court to give him the hearing he apparently sought in the federal court. His abstract contains neither his petition for relief nor the Trial Court's order denying it, to say nothing further about the missing federal court order. The State has quoted portions of the Trial Court's order in the argument section of its brief, but it has not supplemented Mr. Johnson's abstract with the necessary documents. We, therefore, cannot reach the merits of Mr. Johnson's arguments.

Affirmed.