MARY KAY, INC. *v.* Janet ISBELL

98-489                                                986 S.W.2d 90
98-1099

Supreme Court of Arkansas
Opinion delivered February 11, 1999

*Wright, Lindsey & Jennings*, by: *Roger D. Rowe, Nancy Bel-lhouse May*, and *Troy A. Price*, for appellant.

*Stephens Law Firm*, by: *K. Gregory Stephens* and *Janis C.Speed*, for appellee.

*Barrett & Deacon P.A.*, by: *Price Marshall*, for *amicus curiæ*.

P ER CURIAM. Janet Isbell has filed a motion in the captioned cases seeking permission to use one abstract for

both cases, to correct printing mistakes in both abstracts, and to correct a nonconforming exhibit attached to her reply to Direct Selling Association's *amicus curiæ* brief. Mary Kay Inc. filed a response to Isbell's motion and a separate motion to strike. In its response to Isbell's motion, Mary Kay Inc. has no objection to the use of one abstract for both cases. Nor does Mary Kay Inc. have any objection to Isbell's request for permission to correct printing mistakes in her abstracts. However, Mary Kay Inc. moves to strike: (1) the exhibits attached to Isbell's reply to Direct Selling Association's *amicus curiæ* brief; (2) the portions of the volume of exhibits to abstract (Volume II) submitted by Isbell in case no. 98–489 that should have been abstracted; and (3) the "Editor's Notes" in Isbell's abstracts.

Based upon the motions and responses filed by the parties, our review of Isbell's abstract and brief (Volumes I through III) and Isbell's reply to Direct Selling Association's *amicus curiæ* brief, and the Rules of the Supreme Court and Court of Appeals, we make the following rulings with regard to the motions filed by Mary Kay Inc. and Isbell. We grant Isbell's request that the parties be allowed to use one abstract in both cases and that Isbell be allowed to correct any printing mistakes in both abstracts. We deny Isbell's request that she be allowed to correct a nonconforming exhibit attached to her reply to Direct Selling Association's *amicus curiæ* brief. The nonconforming exhibit is a copy of 16 C.F.R. § 436.1 that does not fall within the category of documents which may be attached to an abstract under Ark. R. Sup. Ct. 4-2(a)(6). Furthermore, we grant Mary Kay Inc.'s motion to strike Exhibits 1 and 2 to Isbell's reply to Direct Selling Association's *amicus curiæ* brief as neither document was an exhibit introduced at trial. We also grant Mary Kay Inc.'s motion to strike Exhibit 3 to Isbell's reply to Direct Selling Association's *amicus curiæ* brief for the reasons previously stated in connection with our denial of Isbell's request to correct nonconforming exhibit.

With regard to Mary Kay Inc.'s motion to strike portions of the volume of exhibits to abstract (Volume II) submitted by Isbell in case no. 98–489 that should have been abstracted, we grant that motion with regard to the following exhibits in Volume II that were not abstracted and should have been abstracted

under Ark. R. Sup. Ct. 4-2(a)(6): Nos. 1 through 4, 7 through 11, 14, 23 through 31, 34 through 35, 43 through 44, and 46 through 47. The remaining exhibits in Volume II were either abstracted (Nos. 5 through 6, 12 through 13, 15 through 16, and 45) or could not be abstracted in words, such as photographs, invoices and charts (Nos. 17 through 22, 32 through 33, 36 through 42, and 48). We, therefore, deny Mary Kay Inc.'s motion to strike with regard to those remaining exhibits in Volume II. Finally, we grant Mary Kay Inc.'s motion to strike the "Editor's notes" in Isbell's abstracts, because such notes do not comply with the requirement in Ark. R. Sup. Ct. 4-2(a)(6) that the abstract be an impartial condensation, without comment or emphasis. Examples of such "Editor's notes" appear in Volume I of Isbell's abstract and brief filed in case no. 98-489 at pages i-ii, 29, 33, 38-39, 41-43, 48-49, 51-52, 59, and 180.