Overtus BRINKER *v.* FORREST CITY
SCHOOL DISTRICT No. 7; Virginia L. Roland;
and Southern Farm Bureau Casualty Insurance Company

00-56                                                    29 S.W.3d 740

Supreme Court of Arkansas
Opinion delivered November 9, 2000

*Easley, Hicky & Hudson*, by: *B. Michael Easley*, for appellant.

*Butler, Hicky, Long & Harris*, by: *Phil Hicky*, for appellee Southern Farm Bureau Casualty Insurance Company.

PER CURIAM. This appeal involves underinsured-motorist (UIM) benefits. The crux of the case is whether an insurer may contract with its insured in such a way that the insurer may never be joined as a party to a lawsuit against an underinsured motorist nor be bound by any judgment rendered against an underinsured motorist.

A school bus from Forrest City School District No. 7 collided with appellant Overtus Brinker, who indisputably had UIM benefits of $100,000 with Southern Farm Bureau Casualty Insurance Company (Southern Farm Bureau). Appellant sustained serious personal injuries as a result of the accident. He filed suit against the school district, bus driver, and Southern Farm Bureau. Southern

Farm Bureau filed a motion to dismiss based on the fact that it was unknown at that time whether appellant was underinsured; in the alternative, Southern Farm Bureau requested that it be severed from the trial against the school district. Southern Farm Bureau refused, in any case, pursuant to the terms of the consent clause contained in the insurance policy, to be bound by any jury verdict that might be rendered in appellant's case against the school district. The trial court denied Southern Farm Bureau's motion to dismiss, but severed it from the first trial.

Appellant's case against the school district went to trial; the suit against the bus driver, Virginia L. Roland, was nonsuited. The district admitted liability, and the jury awarded appellant $100,000. The district paid its limit of $25,000 and received a partial satisfaction of judgment. Appellant made demand on Southern Farm Bureau to pay the remaining $75,000 of his UIM benefits; Southern Farm Bureau refused. Appellant filed an amended complaint; Southern Farm Bureau denied liability, and appellant filed a motion for summary judgment seeking the $75,000 judgment, as well as statutory penalty and attorney's fees. The trial court denied the motion for summary judgment and ordered a second trial, wherein the jury awarded appellant $65,000.

On appeal, appellant contends that it was error for the trial court to sever Southern Farm Bureau from the original action without requiring that Southern Farm Bureau be bound by the jury verdict and that it was error to deny his motion for summary judgment. Southern Farm Bureau argues contrary to appellant and contends that appellant's appeal of the denial of his summary-judgment motion is not appealable.

Appellant asserts the following points on appeal:

1) The trial court erred in severing appellant's cause of action against Southern Farm Bureau without requiring that Southern Farm Bureau be bound by the fact-finder's determination of liability and damages;

2) The trial court erred in denying appellant's motion for summary judgment following trial of the underlying tort case.

Although asserting important arguments regarding the terms contained in the consent clause of the insurance policy, appellant

has failed to abstract either the policy or the consent clause contained in the policy. As such, we hold the abstract, as submitted, to be deficient. However, this case differs significantly from other cases in which the abstract was so flagrantly deficient that this Court would never have been able to reach the merits. Therefore, we decline to affirm based upon noncompliance with our abstracting rules, as we hold that doing so in this case would cause an unduly harsh result. *See* Ark. S. Ct. R. 4-2(b)(6).

In this case, while appellees did call a number of *other* minor deficiencies to the Court's attention, appellees did *not* cite appellant's failure to abstract the insurance policy itself as a reason for deficiency, nor did appellees offer a supplemental abstract of said policy as they could have done under Rule 4-2(b)(1) of the Rules of the Supreme Court. In addition, in their briefs, both appellant and appellees quoted identical language from the consent clause contained in the policy. In other words, there was no challenge to the language of the consent clause in the policy. Both sides agreed that it said what it said; ambiguity was never an issue.

■ Therefore, as no dispute existed as to the language of the policy, thereby presenting no prejudice to the appellees, we decline to affirm the case for noncompliance with Rule 4-2(a)(6) of the Rules of the Supreme Court, as we consider that action to be unduly harsh in this case. Rule 4-2(b)(3) of our Rules states in part:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract, the Court may treat the question when the case is submitted on its merits. If the court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. *If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6).*

[Emphasis added.]

■ Therefore, pursuant to Rule 4-2(b)(3), we hereby allow appellant's attorney time to supplement his abstract, at his own expense, to conform to Rule 4-2(a)(6). The appellees will then be afforded an opportunity to revise or supplement their brief, if necessary, at the expense of appellant's counsel. Appellant's attorney

is given thirty days to supplement his abstract to conform to Rule 4-2(a)(6).