BOATMEN'S TRUST COMPANY of Arkansas, Guardian of
the Estate of James D. Henderson,
a Minor, and Yolanda Henderson
*v.* HOUSING AUTHORITY of the
CITY of NORTH LITTLE ROCK, *et al.*

00-1120 57 S.W.3d 132

Supreme Court of Arkansas
Opinion delivered October 11, 2001
[Petition for rehearing denied November 15, 2001.*]

---

* GLAZE, J., not participating.

*Bridges, Young, Matthews & Drake, PLC*, by: *Terry F. Wynne, Stephen A. Matthews*, and *Cary E. Young*; and *Koonz, McKenney, Johnson, DePaolis & Lightfoot*, by: *William P. Lightfoot* and *Paulette E. Chapman*, for appellant.

*Huckabay, Munson, Rowlett, & Tilley, P.A.*, by: *Julia L. Busfield* and *Bruce Munson*, for appellee Audubon Indemnity Company.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael E. Hale* and *Christine A. Cryer*; and *Baldwin & Brown, P.C.*, by: *Dennis W. Brown* and *Ellen R. Ivy*, for appellee Rheem Manufacturing Company.

*Friday, Eldredge & Clark*, by: *James M. Simpson*, for appellee NorAm Energy Corporation.

W.H. "DUB" ARNOLD, Chief Justice. On May 4, 1990, 22-month-old James D. (J.D.) Henderson suffered severe scald burns while in the bathtub of the apartment in which he lived. J.D. suffered third-degree scald burns over 50 percent of his body, requiring ten months of hospitalization. While his medical bills total almost one million dollars already, J.D. continues to suffer pulmonary problems, mental retardation, subsequent scarring, and other disabilities caused by the burns.

J.D. had been placed in the bathtub by his mother, Yolanda Henderson, in, according to her, about one inch of tepid water. She maintains that she ran out of the bathroom to grab a towel for J.D.; and, while getting the towel, she heard J.D. scream. She states that she immediately ran to the bathroom where she found the tap water running full blast, lifted J.D. out of the tub, and immediately called 911.

Appellants sued the Housing Authority of the City of North Little Rock/Audubon Indemnity Company for failure to maintain and properly inspect the water heater in the Henderson apartment building and for failure to warn Ms. Henderson of the risks and dangers associated with the residential water heater. Appellants sued Rheem Manufacturing Company (Rheem) for distributing a defective residential water heater and for failing to warn of the dangers associated with the "liquid fire" coming out of J.D.'s faucet.

Appellants also sued NorAm, the provider of gas service to appellants' residence because, appellants contend, in providing gas NorAm failed to warn its customers and intended users of the dangers created by scalding tap water. Finally, appellants sued Crane Company (Crane), the manufacturer of the hot water control handle in the appellants' apartment, under theories of negligence, strict liability, and breach of warranties.

The trial court found that J.D.'s mother's actions constituted an intervening cause which barred the minor's claims against the landlord, the fixture manufacturer, the water heater manufacturer, and the utility. Appellants appealed to the Arkansas Court of Appeals who, by per curiam, ordered appellants to revise their brief and file a substitute brief due to flagrant deficiencies in their abstract. The per curiam issued by the court of appeals noted the particular deficiencies and gave specific guidance of how to cure those deficiencies. Appellants then filed a substituted brief, and the case was assigned to this Court. This appeal asserts that the trial court erred in granting summary judgment in favor of the appellees. We hold that appellants' abstract continues to be flagrantly deficient and, therefore, affirm the case.

 It is well established that the abstract is the record for purposes of appeal, and the burden is on the appealing party to provide both a sufficient record and abstract for appellate review. *See Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999); *City of West Memphis v. City of Marion*, 332 Ark. 421, 965 S.W.2d 776 (1998). Our review on appeal is limited to the record as abstracted, and we will not reach the merits of an issue when the documents or proceedings that are necessary for an understanding of the issue are not abstracted. *Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000); *Luttrell v. City of Conway*, 339 Ark. 408, 5 S.W.3d 464 (1999). Rule 4-2(a)(6) of the Arkansas Supreme Court Rules requires that an abstract contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." A transcript of a hearing on a motion that is the subject of an appeal is a material part of the proceedings that must be abstracted. *See Warnock*, 336 Ark. 506, 988 S.W.2d 7. The purpose of an abstract is to give us an understanding of the issues on appeal. *City of West Memphis*, 332 Ark. 421, 965 S.W.2d 776. We may affirm for noncompliance with the rule where there is a flagrantly deficient abstract. *Id.* The inherent logic of this rule is that there are seven justices on our Court, but only one record. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997).

Mere references to the transcript scattered in the brief are insufficient. *Adams v. State*, 276 Ark. 18, 631 S.W.2d 828 (1982).

■ It is clear from the abstract that appellants are not in compliance with the rule. First, appellants have simply photocopied exhibits that total over 250 pages and have attached them to the addendum, providing only a short description of the exhibits in the abstract. This Court has repeatedly held that where a matter can be reduced to words, it must be abstracted in words. *In the Matter of the Estate of Brumley*, 323 Ark. 431, 914 S.W.2d 735 (1996). A review of the materials in appellants' addendum reveal that most of the documents, with the exception of a scald chart and a copy of an advertisement, are either articles or studies that can readily be reduced to words and properly abstracted. This Court has previously stricken an appellant's exhibits where they could be abstracted in words but were not. *See Mary Kay, Inc. v. Isbell*, 336 Ark. 374, 986 S.W.2d 90 (1999).

One example of appellants' shortcut approach to compliance, is their reliance on a ninety-two page article entitled "Scald Burn Prevention Strategy." The abstract of this article consists of three lines. Another example is the abstract of the dwelling lease executed by Yolanda Henderson when she moved into Hemlock Court Apartments. Appellants chose to abstract only paragraph seven of the lease agreement but then failed to abstract all the relevant verbiage from that one paragraph.

More troubling than appellants' abbreviated abstracting of these exhibits is the fact that several times appellants make a statement in their argument, cite to one of these exhibits, and then fail to even abstract that portion of the exhibit upon which they rely. If only three lines of an article are relevant to appellants' argument on appeal, the trial court was given the entire article. This Court has no way of knowing if the trial court limited its review to the small, three-line excerpts now abstracted by appellants.

■ Compounding the problem is the fact that other abstract deficiencies exist, as well. Appellants make no reference in their argument to any pages in the abstract; rather, they simply cite to pages ·in the transcript and, even then, appellants fail to provide pinpoint citations to the record, instead simply noting where such material begins and ends. We have held that an appellant violates the requirements of Rule 4-2(a)(6) where the brief contains only transcript citations and fails to refer the Court to the appropriate pages in the abstract. *City of West Memphis*, 332 Ark. 421, 965

S.W.2d 776; *Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997); and *Boren v. Worthen Nat'l Bank*, 324 Ark. 416, 921 S.W.2d 934 (1996).

In addition to the deficiencies noted above, the materials that actually were abstracted by appellants were frequently not abstracted in compliance with our rules. For example, there are numerous interrogatories and requests for admission found in the abstract, but they are condensed to a paragraph form and contain only the answers. Such matters are properly abstracted by setting out the question, to be immediately followed by the response. Moreover, the abstract is intended to be an *impartial* condensation of relevant materials contained in the record. *Blunt*, 342 Ark. 662, 30 S.W.3d 737 (2001). Here, appellants have consistently failed to abstract relevant materials that happen to be damaging to their case. A prime example of this is their failure to abstract that portion of Yolanda Henderson's deposition where she makes several critical admissions. This information was only provided in supplemental abstracts filed by appellees. A comparison of the abstract of the motion hearing with the actual transcript of that hearing also reveals that appellants deleted portions of the arguments made by counsel, particularly those arguments where counsel notified the court of reliance on specific cases. Appellants likewise failed to abstract the entire ruling made by the trial court from the bench.

In short, it is clear that appellants' abstract is flagrantly deficient. It is impossible for us to be certain that we have the benefit of the same materials relied upon by the trial court in granting summary judgment before us now, in attempting to review the propriety of such a ruling. As such, we affirm the case based upon the deficiency of the abstract.[1]

Affirmed.

GLAZE, J., not participating.

---

[1] Appellees had filed a motion to strike appellants' substituted brief and dismiss the appeal, based upon appellants' failure to abide by the per curiam issued by the court of appeals ordering appellants to cure certain deficiencies in their abstract. Based upon our holding affirming the case for deficient abstract, appellees' motion to strike is moot.