Alton Stephen BALDWIN *v.* Helen Carr BALDWIN

01-1258                                      76 S.W.3d 267

Supreme Court of Arkansas
Opinion delivered May 30, 2002
[Petition for rehearing denied July 5, 2002.*]

* IMBER, J., not participating.

*Friday, Eldredge & Clark*, by: *Barry E. Coplin*, for appellant.

*Janice W. Vaughn*, for appellee.

Tom Glaze, Justice. Helen and Stephen Baldwin were married in 1973, and separated on July 6, 1998. During

the years of their marriage, the Baldwins, as well as Stephen and his parents, engaged in a number of business developments, including a strip mall in Hot Springs. Throughout the years, the Baldwins' businesses and properties were transferred back and forth, partnerships were created, and marital assets were used for several of the purchases. After their separation in 1998, and after a four-day trial of the divorce, the trial court entered a divorce decree on July 7, 2000. Stephen appealed, claiming the chancellor erred in the valuation of the marital property. The record submitted to the court of appeals contained twelve volumes, five of which were exhibits; the transcript consisted of 2,679 pages and one envelope of additional exhibits. However, Stephen's abstract of the pleadings was only twenty-nine pages long, and his abstract of the voluminous documentary exhibits, including the warranty deeds and mortgages to the property and the partnership agreements, was seven and a half pages.

On appeal to the court of appeals, Helen argued that Stephen's abstract was so flagrantly deficient that the court of appeals could not decide the merits of the case. The court of appeals agreed, writing in an unpublished opinion as follows:

> Given the complete absence of documentary evidence in the appellant's abstract, and the sketchy manner in which appellant has abstracted the testimony at trial, we hold that the abstract is flagrantly deficient. Pursuant to Ark. R. Sup. Ct. 4-2(b)(3), we allow appellant's attorney thirty days from the date of this opinion to review the brief, at his own expense, to conform to Rule 4-2(a)(6). Upon the filing of such a substituted brief by the appellant, appellee will be afforded an opportunity to supplement the brief at the expense of appellant's counsel.

Helen petitioned this court for review, arguing that the court of appeals should have simply affirmed the case in light of the flagrantly deficient abstract, because the record in this appeal was lodged with the clerk's office some seven months before this court adopted its new abstracting rules.[1]

---

[1] Helen also asks the court to declare unconstitutional all laws prohibiting the precedential value and citing of unpublished opinions. She asked for this relief, apparently because she relied on two unpublished opinions in her petition for review. However, there

Prior to September 1, 2001, this court's rules regarding insufficient abstracting provided that motions to dismiss an appeal for insufficiency of an appellant's abstract would not be recognized. Ark. Sup. Ct. R. 4-2(b) (2000). Further, the rule stated that the court could treat the question of deficiencies in the appellant's abstract when the case was submitted on appeal. Rule 4-2(b)(3) continued as follows:

> If the court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. *If the court considers that action to be unduly harsh*, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6). Mere modification of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. (Emphasis added.)

However, the court amended this rule by *per curiam* effective September 1, 2001. The new rule addressed "the need for appeals to be decided on the merits. We . . . have addressed this concern in amending Rule 4-2(b)(3). Appeals will no longer be affirmed because of the insufficiency of the abstract without the appellant first having any opportunity to cure the deficiencies." *In re: Modification of the Abstracting System — Amendments to Supreme Court Rules 2-3, 4-2, 4-3, and 4-4*, 345 Ark. Appx. 626 (2001) (*per curiam*). The so-called "affirmance rule" was essentially eliminated by the amended rule, "except in the rarest circumstance where the appellant refuses or fails to comply after given the opportunity to cure a deficient abstract, addendum, and brief." *Id.* The new version of Rule 4-2(b)(3) now reads as follows:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the court may address the question at any time. If the court finds the abstract or Addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the

---

are numerous published cases holding that flagrantly deficient abstracts can result in summary affirmance, and we therefore see no reason to reach this argument.

appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (7). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4-2(b)(3) (2002) (amended May 31, 2001, effective for cases in which the record is lodged in the Supreme Court or Court of Appeals on or after September 1, 2001).

In the majority of cases calling our abstracting rules into question, this court has affirmed a judgment on the basis of a flagrantly deficient abstract. *See, e.g., Stuart v. Water Well Constr. Comm'n*, 343 Ark. 369, 37 S.W.3d 573 (2001); *Johnson v. State*, 333 Ark. 1, 968 S.W.2d 51 (1998); *City of West Memphis v. City of Marion*, 332 Ark. 421, 965 S.W.2d 776 (1998); *Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997); *Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996); *Carmical v. City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994) (1,419 page record was abstracted in four and a half pages); *Sturch v. Sturch*, 316 Ark. 53, 870 S.W.2d 720 (1994); *Davis v. Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1993); *Samples v. Samples*, 306 Ark. 184, 810 S.W.2d 951 (1991).

In other instances, this court and the court of appeals have reached the merits of an appeal, despite some problems with the abstract, either because the abstract was not flagrantly deficient, or because the appellee provided a supplemental abstract. *See Arkansas Dep't of Human Servs. v. Southerland*, 65 Ark. App. 97, 985 S.W.2d 336 (1999) (not flagrantly deficient); *Williams v. Martin*, 335 Ark. 163, 980 S.W.2d 248 (1998) (abstract "somewhat lacking," but not flagrantly deficient); *King v. State*, 312 Ark. 89, 847 S.W.2d 37 (1993) (cured by supplemental abstract; was also a capital murder case, which "necessitated review"); *Helm v. Mid-*

*America Indus., Inc.*, 301 Ark. 521, 785 S.W.2d 209 (1990) (cured by supplemental abstract).

■ Rarely has the appellate court remanded for reabstracting because affirming would be unduly harsh. *See Dansby v. State*, 347 Ark. 509, 65 S.W.3d 448 (2002) (rebriefing ordered under Ark. R. Crim. P. 37.5 because of heightened standard in death-penalty cases); *Ward v. State*, 347 Ark. 515, 64 S.W.3d 755 (2002) (same); *Brinker v. Forrest City School Dist. No. 7*, 342 Ark. 646, 29 S.W.3d 740 (2000) (affirming would be unduly harsh; abstract was only missing insurance policy, and no challenge had been made to the language of the policy; remanded for reabstracting); *Johnson v. State*, 17 Ark. App. 125, 704 S.W.2d 647 (1986) (affirming would be unduly harsh in light of sentence).

■ In sum, the vast majority of cases prior to the 2001 amendment of Rule 4-2(b)(3) called for summarily affirming a case when the abstract was so flagrantly deficient that the court did not have before it all the parts of the record necessary for an understanding of the issues presented. Many times, the court cited our long-standing "efficiency" rule i.e., it is impractical to require all seven justices to examine one transcript in order to decide an issue. *See, e.g., Hashagen v. Lord*, 341 Ark. 83, 14 S.W.3d 498 (2000); *Luttrell v. City of Conway*, 339 Ark. 408, 5 S.W.3d 464 (1999); *Mayo v. State*, 324 Ark. 328, 920 S.W.2d 843 (1996). Only infrequently has the court remanded for reabstracting or rebriefing.

■ In the present case, the court of appeals, in applying the rule in effect prior to September 1, 2001, did not affirm this appeal, although it appears clear that to do so would not have been unduly harsh; the omissions from the abstract were significant when the nearly 2700-page transcript was reduced to twenty-nine pages. However, whether the court of appeals erred in remanding this matter for reabstracting is moot. After our court granted Helen Baldwin's petition to review the court of appeals's order directing Stephen Baldwin to reabstract to cure his deficient brief, Helen moved to strike Stephen's substituted abstract and brief for failing to cure the deficiencies. The court of appeals did not have the opportunity to rule on Stephen's failed attempt to correct his

abstract and brief. Since our review reflects Stephen Baldwin's supplemental abstract remains deficient, we affirm for this reason.

Especially telling are the documents Stephen offered in his supplemental abstract in an effort to cure his initial abstracting deficiencies. Stephen abstracted warranty deeds, Baldwin Enterprises' partnership tax returns, bank statements for Baldwin Enterprises, Baldwin's personal bank statements, and appraisal reports. All of these documents touched on the question of property ownership and values. Clearly, these exhibits were necessary for an understanding of the issues Stephen raises in this court, and these exhibits should have been included in the abstract of the record in the first instance.

However, notwithstanding the importance of these documents in resolving the parties' ownership interests and valuation issues, Stephen Baldwin's supplemental abstract still gives only a sketchy rendition of these items, and his abstract remains flagrantly deficient. For example, his supplement to the abstract of the testimony offered during the four-day trial adds only two sentences of testimony. Further, one appraisal report establishing the value of Baldwin's dental practice comprised some sixty-eight pages in the record, but Baldwin abstracted it in less than half a page. Additionally, another appraisal of Baldwin Enterprises' strip ·mall spanned eighty-five pages in the transcript, but was abstracted in less than a page. We also note that Baldwin has compounded the problem by failing to make references to the abstract in his brief, nor did he even refer to the pages in the transcript. In order to verify the assertions in his brief, we would have to comb through a record consisting of thousands of pages. This we will not do, especially given our frequent comment, noted above, that there are seven justices and only one record. It is simply impractical for the members of the court to pass around one transcript, and we will not attempt to do so. *See Burns v. Carroll*, 318 Ark. 302, 885 S.W.2d 16 (1994); *Davis v. Peeples*, 313 Ark. 654, 857 S.W.2d 825 (1993). Our abstracting rules were clearly intended to alleviate this burden.

■ Thus, even had this record in this case been lodged after the amendment to Rule 4-2(b)(3), we would still affirm on

the basis of Baldwin's substituted abstract, submitted in response to the court of appeals' directions. In *Boatmen's Trust Co. v. Housing Authority*, 346 Ark. 142, 57 S.W.3d 132 (2002), we summarily affirmed the lower court's decision after the appellants submitted a supplemental abstract that failed to cure the deficiencies in the first abstract. We do the same here.

The trial court is affirmed.

CORBIN and HANNAH, JJ., concur.

IMBER, J., not participating.

DONALD L. CORBIN, Justice, concurring. I agree that the abstract filed by Stephen Baldwin is flagrantly deficient. I also agree that the revised abstract submitted by Stephen is still flagrantly deficient. Accordingly, I join the majority's conclusion that this appeal should be affirmed pursuant to Ark. Sup. Ct. R. 4-2(b)(3). I write separately to emphasize the fact that the decision by the court of appeals to order Stephen to revise his abstract was a discretionary decision based on the authority provided to appellate courts under the prior version of Rule 4-2(b)(3).

I agree with the majority's conclusion that, in the past, the discretionary authority afforded by Rule 4-2(b)(3) has been used sparingly, by both this court and the court of appeals. In my opinion, however, this authority is rendered no less discretionary merely because it has been used infrequently. Therefore, I do not view the issue whether the court of appeals erred in ordering the abstract to be revised as being moot; rather, I view it as not being an issue of error at all. For this reason, I must concur.

HANNAH, J., joins in this concurrence.